UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PAZZO PAZZO, INC.,**<br><br>　　　　**Appellant,**<br><br>　　v.<br><br>**STATE OF NEW JERSEY,**<br><br>　　　　**Appellee.** | MASTER FILE: 07-CV-1558<br>(WJM)<br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

Morris S. Bauer
Norris McLaughlin & Marcus
721 Route 202-206
Bridgewater, NJ 08807

(*Counsel for Appellant*)

Amina Maddox
Office of the Attorney General of New Jersey
R.J. Hughes Justice Complex
P.O. Box 106
Trenton, NJ 08625-0106

Tracy E. Richardson
Office of the NJ Attorney General
Division of Law
RJ Hughes Justice Complex
25 Market Street
PO Box 106
Trenton, NJ 08625-0106

(*Counsels for Appellee*)

**WILLIAM J. MARTINI, U.S.D.J.:**

　　　　Pazzo Pazzo—a restaurant operating under a Chapter 11 reorganization plan—seeks to enjoin the State of New Jersey from holding Pazzo Pazzo's president liable for taxes as a responsible person in the corporation. Pazzo Pazzo argues that a provision in its reorganization plan released its president from any such liability. This

Court **AFFIRMS** the bankruptcy court's holding that the Tax Injunction Act deprived it of jurisdiction to issue the injunction.

## FACTS AND PROCEEDINGS

In 2002, Pazzo Pazzo, Inc. petitioned for bankruptcy under Chapter 11 of the Bankruptcy Code. (Bankruptcy Case 02-35976, Docket No. 1.) In response, the State of New Jersey filed proofs of tax claims with the bankruptcy court to secure its status as a creditor. (Bankruptcy Case 06-1022, No. 6, Exs. A1–4.)

Eventually, the bankruptcy court confirmed a plan of reorganization for Pazzo Pazzo. (02-35976, Nos. 89, 110.) The plan provided that its confirmation would release "all insiders from any causes of action by the Debtor, its creditors and other parties in interest." (02-35976, No. 39.) Despite this provision, the State then filed tax liens against Pazzo Pazzo's president, Larry Berger, as a responsible person in the Pazzo Pazzo corporation. (06-1022, No. 6, Ex. B.)

To prevent the State from pursuing these liens, Pazzo Pazzo filed a complaint in bankruptcy court. (06-1022, No. 1.) Pazzo Pazzo sought an injunction compelling the State to comply with the terms of the confirmed bankruptcy plan and to release its liens against Berger. (06-1022, No. 1 ¶ 3.) Pazzo Pazzo also filed a motion for an order to show cause why such an injunction should not issue. (06-1022, No. 2.)

After a hearing on this motion, the bankruptcy court dismissed Pazzo Pazzo's complaint in its entirety. (06-1022, No. 7.) The court held it lacked jurisdiction to grant Pazzo Pazzo's requested injunction, citing the Tax Injunction Act. (06-1022, No. 7.)

Pazzo Pazzo filed a motion for reconsideration. (06-1022, No. 9.) It disputed the bankruptcy court's determination that the Tax Injunction Act prohibited an injunction against the State. (06-1022, No. 9 ¶ 12.) Pazzo Pazzo also argued, under the doctrine of equitable mootness, that the State should be barred from challenging the validity of a bankruptcy plan upon which Pazzo Pazzo and Berger had relied. (06-1022, No. 9 ¶ 28.)

The bankruptcy court denied Pazzo Pazzo's motion for reconsideration. (06-1022, No. 15.) With respect to the Tax Injunction Act argument, the court reaffirmed its determination that the Act prohibited it from issuing an injunction. (06-1022, No. 16 at 10–17.) With respect to the equitable mootness argument, the court declined to consider it, holding that Pazzo Pazzo had failed to previously raise it. (06-1022, No. 16 at 9.)

Pazzo Pazzo now appeals. It generally argues that the State must abide by all

terms of the bankruptcy plan—which Pazzo Pazzo argues is now res judicata. (Appellant's Br. 12.)  Pazzo Pazzo also renews its equitable mootness argument. (Appellant's Br. 19–20.)  Finally, Pazzo Pazzo argues that the Tax Injunction Act contains an exception that allowed the bankruptcy court to issue the injunction. (Appellant's Br. 21.)

The State responds that the release provision was invalid and thus unenforceable. (Appellee's Br. 21–24.)  The State generally reasons that the Tax Injunction Act precluded the bankruptcy court from not only enjoining the State's filing of tax liens against Berger but also from even approving the provision in Pazzo Pazzo's plan releasing Berger from tax liability.  (Appellee's Br. 9–26.)

## **DISCUSSION**

The bankruptcy court correctly held that the Tax Injunction Act precluded it from enjoining New Jersey's filing of tax liens against Berger.  Pazzo Pazzo's initial arguments to the contrary—that the doctrines of res judicata and equitable mootness bar the State from now relitigating the plan's validity—are perhaps correct, but such propositions do not alter this Court's ultimate conclusion.  Pazzo Pazzo's final argument to the contrary—that a bankruptcy exception to the Tax Injunction Act permitted its requested relief—also has merit, but this Court ultimately rejects it.

The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341 (2000).  It is a powerful restriction on the jurisdiction of district courts to enjoin a state's collection of taxes.  *Robinson Protective Alarm Co. v. City of Philadelphia*, 581 F.2d 371, 374–75 (3d Cir. 1978).  Its only express limitation is where "a plain, speedy and efficient remedy may be had in the courts of such State."[1]

Here, Pazzo Pazzo's suit requests precisely what the Tax Injunction Act forbids: Pazzo Pazzo sought an injunction against New Jersey's collection of its taxes. Accordingly, the bankruptcy court correctly held that the Tax Injunction Act deprived it of jurisdiction to issue the requested injunction.

Pazzo Pazzo's arguments with respect to res judicata and equitable mootness may have merit, but they are ultimately irrelevant.  Pazzo Pazzo is perhaps correct that when

---

[1] Pazzo Pazzo does not argue that this limitation applies here.

the bankruptcy court confirmed the plan, it became res judicata and thus immune to challenge. *See In re Fesq*, 153 F.3d 113, 118 (3d Cir. 19) ("[F]raud [is] the only predicate that could justify revoking a confirmation order under Section 1330."); *In re Szostek*, 886 F.2d 1405, 1410 (3d Cir. 1989) ("[T]he district court recognized well settled law that a confirmed plan is final."). Res judicata may even preclude challenges to bankruptcy plans on the grounds that the bankruptcy court lacked subject-matter jurisdiction. *See Mitchell v. Comm'n on Adult Entm't Establishments*, 12 F.3d 406, 408–09 (3d Cir. 1993). Pazzo Pazzo also is perhaps correct that its and Berger's reliance on the confirmed plan should immunize the plan from alteration, under the doctrine of equitable mootness. *See In re Zenith Elecs. Corp.*, 329 F.3d 338, 343 (3d Cir. 2003). Thus Pazzo Pazzo has nontrivial arguments that the State may not now challenge the validity or enforceability of Pazzo Pazzo's bankruptcy plan, even on the grounds that the Tax Injunction Act stripped it of subject-matter jurisdiction to approve the plan.

But assuming that these arguments are correct, they do not alter this Court's ultimate holding.[2] As explained above, the Tax Injunction Act is powerful—stripping district courts of jurisdiction to enjoin states even from engaging in unconstitutional activity. *See King v. Sloane*, 545 F.2d 7, 8 (6th Cir. 1976); *see also Lynch v. Household Fin. Corp.*, 405 U.S. 538, 542 n.6 (1972). If the Tax Injunction Act deprives federal courts of jurisdiction to enjoin New Jersey from engaging in unconstitutional activity, a fortiori it deprives federal courts of jurisdiction to enjoin a state from violating the terms of a confirmed, valid bankruptcy plan. Thus, even if the provision of Pazzo Pazzo's bankruptcy plan releasing Berger from all creditor claims is valid and enforceable, perhaps under the doctrines of res judicata and equitable mootness, this Court still may not enjoin New Jersey from violating that release provision.[3]

Finally, Pazzo Pazzo argues that a bankruptcy exception to the Tax Injunction Act allowed the bankruptcy court to issue its requested injunction. Pazzo Pazzo is correct that courts recognize a limited bankruptcy exception to the Tax Injunction Act. Under this exception, bankruptcy courts may enforce provisions of the Bankruptcy Code that expressly reference the collection of state taxes. *In re Hechinger Inv. Co. of Del., Inc.*, 335 F.3d 243, 247 n.1 (3d Cir. 2003). But this bankruptcy exception is limited, superceding the Tax Injunction Act only where the bankruptcy code expressly empowers the bankruptcy court to affect state taxation. *See In re Am. Bicycle Ass'n*, 895 F.2d 1277,

---

[2]Because these arguments do not affect the outcome of this appeal, this Court declines to rule on their merit.

[3]Accordingly, this Court declines to address the State's arguments regarding the validity and enforceability of that provision, as they do not alter this Court's analysis.

1279–81 (9th Cir. 1990).  Here, it does not appear that any specific provision of the Bankruptcy Code empowers courts to enjoin collection of state taxes.

The Third Circuit has already addressed and rejected a similar argument.  In *In re Becker's Motor Transp., Inc.*, it held that an act similar to the Tax Injunction Act, the Anti-Injunction Act (which bars suits "for the purpose of restraining the assessment or collection of any tax") precludes bankruptcy courts from enjoining the IRS's collection of taxes from a nondebtor.  632 F.2d 242, 244–46 (3d Cir. 1980); *see* Anti-Injunction Act, 26 U.S.C. § 7421(a) (2000).[4]  The court in *Becker's* specifically noted that the Bankruptcy Code provides no express provision allowing such an injunction.  *Becker's*, 632 F.2d at 244–46.  Given the absence of such a provision, this Court holds that the bankruptcy exception to the Tax Injunction Act does not permit bankruptcy courts to enjoin a State's collection of taxes from nondebtors.

## CONCLUSION

This Court holds that the Tax Injunction Act stripped the bankruptcy court of jurisdiction to enjoin New Jersey from filing tax liens against Berger.  Accordingly, the Order of the bankruptcy court is **AFFIRMED**.  An appropriate Order accompanies this Opinion.

s/ William J. Martini
William J. Martini, U.S.D.J.

---

[4] Admittedly, there are cases that reach a contrary result.  *See Bostwick v. United States*, 521 F.2d 741, 744 (8th Cir. 1975).  This Court declines to follow the contrary approach because it has been rejected by the Third Circuit in *Becker's* and because it appears out of line with the majority of cases addressing the issue.